IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROXANNE PAYNE,

        Plaintiff,

    v.

SUNTRUST MORTGAGE, INC.,

        Defendant.

Civil Action
File No. 1:12-MI-99999

## NOTICE OF REMOVAL

Defendant, SunTrust Mortgage, Inc., hereby removes this case pursuant to 28 U.S.C. §§ 1441 and 1446 from the Superior Court of Gwinnett County, State of Georgia, in which it is now pending, to the United States District Court for the Northern District of Georgia, Atlanta Division.

### BACKGROUND

1.  Plaintiff commenced this action on February 7, 2012, by filing her Complaint in the Superior Court of Gwinnett County.  Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon this Defendant, is attached hereto as Exhibit "A."

2.  Defendant received a copy of the Complaint on February 7, 2012 and was served with Summons and Complaint on February 21, 2012.

18120N:120213:872393:2:LOUISVILLE

3.      In her Complaint, the Plaintiff prays for the recovery of:  (1) damages under the theory of promissory estoppel in an amount to be determined by a jury; (2) breach of contract damages in an amount to be determined by a jury; (3) fraud damages in an amount to be determined by a jury; (4) wrongful foreclosure damages in an amount to be determined by a jury[1]; (5) punitive damages upon a showing of clear and convincing evidence that the Defendants' actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences; and (6) attorney's fees.  Plaintiff also seeks to enjoin Defendant from foreclosing on her residence.

4.      U.S.C § 1446(c)(2)(a) permits the Notice of Removal to assert the amount in controversy "if the initial pleading seeks (i) **non-monetary relief**; or (ii) a money judgment, but the State practice either does not permit the demand for a specific sum or **permits recovery of damages in excess of the amount demanded**; and [ ] removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount

---

[1] Although Plaintiff brings a claim for wrongful foreclosure, Defendant has not yet foreclosed.

specified in § 1332(a) [28 U.S.C. § 1332(a)".] (emphasis added). Under Georgia law, "[e]xcept as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." Stamps v. Nelson, 290 Ga. App. 277, 279, 659 S.E. 2d 697, 699 (Ga. Ct. App. 2008). Accordingly, Georgia "permits recovery of damages in excess of the amount demanded." So, under Georgia law, the Plaintiff potentially can recover in excess of $75,000.00 although she did not pray for any specific monetary amount in her Complaint.

5.    In the present case, the Plaintiff fails to state a specific amount in controversy or make a specific monetary demand. She instead asks for an award in an amount to be determined by a jury. However, the Complaint makes numerous detailed allegations regarding the Plaintiff's claims that leads the Defendant to believe, in good faith and on a reasonable basis, that the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs.

6.    The Complaint alleges that the Defendant breached an oral or written contract to modify the terms of Plaintiff's home loan. Complaint ¶¶ 32-33; 35-36. Plaintiff further alleges that Defendant fraudulently induced her into defaulting on her loan payments, resulting in a breach of her loan agreement.

18120N:120213:872393:2:LOUISVILLE

Complaint ¶¶ 7-26.  The Complaint seeks recovery of money damages for fraud,

breach of contract and wrongful foreclosure, as well as punitive damages and

attorneys' fees.  Complaint, Prayer for Relief, §§ 4-9.

      7.     Moreover, Plaintiff also seeks injunctive relief, asking the Court to

enjoin Defendant from foreclosing on the subject Property.  Defendant's position is

that Plaintiff has defaulted on her loan and Defendant is entitled to foreclose on the

subject property reduce the amount of indebtedness owed.  Currently, Plaintiff is

indebted to Defendant in excess of $134,352.82.  See payoff balance as of

September 25, 2009, a redacted copy of which is attached hereto as Exhibit "B."

Thus, the amount in controversy is at least $134,352.82, as that is the debt (as of

September 25, 2009) that Plaintiff seeks to enjoin Defendant from collecting.

Roger v. Saxon Mortgage Services, Inc., et. al., 2009 U.S. Dist. LEXIS

37794(2009); Waller v. Professional Ins. Corp., 296 F. 2d 545,547 (5th Cir. 1961)

(holding that, "When the validity of a contract or a right to property is called into

question in its entirety, the value of the property controls the amount in

controversy.") (valuing injunctive relief barring a foreclosure action).[2]

Additionally, the Property was most recently valued at between $100,000.00 and

---

[2] The Waller decision is binding precedent.  See Bonner v. City of Prichard, 661
F.2d 1206, 1207 (11th Cir. 1981).

$105,900.00, amounts that likewise satisfy the jurisdictional requirements.  See Exhibit "C."

8.      Defendant denies any liability or any damages to the Plaintiff whatsoever.  However, based upon the bare allegations of the Complaint, it appears in good faith that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9.      A copy of Defendant's Notice of Filing Notice of Removal to the United States District Court is attached hereto as Exhibit "D."

## DIVERSITY OF CITIZENSHIP

10.     On information and belief, and as specifically pled in the Complaint, Plaintiff is a citizen of the State of Georgia.

11.     Defendant is a foreign corporation with its principal place of business in Richmond, Virginia.

## BASIS FOR REMOVAL

12.     This Court has jurisdiction over this matter based on diversity of citizenship.  28 U.S.C. §§ 1332 and 1441(b).

13.     This Notice was filed within 30 days of receipt of a copy of the Complaint and within 30 days after the service of summons upon Defendant.

18120N:120213:872393:2:LOUISVILLE

14.     The United States District Court for the Northern District of Georgia, Atlanta Division, is the federal judicial district encompassing the Superior Court of Gwinnett County, State of Georgia, where this suit was originally filed. Venue, therefore, is proper in this district under 28 U.S.C. § 1441(a).

15.     Accordingly, the present lawsuit may be removed from the Superior Court of Gwinnett County, State of Georgia, to the Atlanta Division of the Northern District of Georgia pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a).

16.     Written notice of the filing of this Notice of Removal will be given to Plaintiffs, and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of Gwinnett County, State of Georgia, as provided by 28 U.S.C. § 1446(d).

This 8th day of March, 2012.

Respectfully submitted,

/s/ Jay Pontrelli
Jay Pontrelli
Georgia Bar No. 583513

**STITES & HARBISON, PLLC**
303 Peachtree Street, N.E.
2800 SunTrust Plaza
Atlanta, GA  30308
Telephone:  (404) 739-8800
Facsimile:(404) 739-8870

COUNSEL FOR DEFENDANT,
SUNTRUST MORTGAGE, INC.

- 6 -

18120N:120213:872393:2:LOUISVILLE

## CERTIFICATE OF COMPLIANCE

I, Jay Pontrelli, certify that the foregoing NOTICE OF REMOVAL has been

prepared in Times New Roman 14 font and is in compliance with United States

District Court, Northern District of Georgia Local Rule 5.1.

This 8th day of March, 2012.

> /s/ Jay Pontrelli
> Jay Pontrelli
> Georgia Bar No. 583513
>
> COUNSEL FOR DEFENDANT,
> SUNTRUST MORTGAGE, INC.

**STITES & HARBISON, PLLC**
303 Peachtree Street, N.E.
2800 SunTrust Plaza
Atlanta, GA  30308
Telephone:  (404) 739-8800
Facsimile:(404) 739-8870

18120N:120213:872393:2:LOUISVILLE

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused a true and correct copy of the foregoing to be served upon all counsel of record via the Clerk of the Court by using the CM/ECF system and via U.S. First Class Mail, postage prepaid, addressed as follows:

> David P. Rachel
> The Rachel Law Firm, P.C.
> 3400 Peachtree Road N.E.
> Suite 1250
> Atlanta, Georgia 30326

This 8th day of  March, 2012.

/s/ Jay Pontrelli_____
 Jay Pontrelli
 Georgia Bar No. 583513

COUNSEL FOR DEFENDANT,
SUNTRUST MORTGAGE, INC.

**STITES & HARBISON, PLLC**
303 Peachtree Street, N.E.
2800 SunTrust Plaza
Atlanta, GA  30308
Telephone:  (404) 739-8800
Facsimile:(404) 739-8870

18120N:120213:872393:2:LOUISVILLE