# EXHIBIT "A"

Civil Action No. 12A 01144-7

Date Filed 7 Feb 2012

Magistrate Court ☐
Superior Court ☑
State Court ☐
Georgia, Gwinnett County

Roxanne Payne

**Plaintiff**

Attorney's Address
David P. Rachel
The Rachel Law Firm P.C.
3400 Peachtree Road Ste 1250
Atlanta, GA 30326

VS.

Suntrust Mortgage Inc

Name and Address of party to be served.

Suntrust Mortgage Inc c/o Service Corp/m/
40 Technology Parkway South # 300
Norcross, GA 30092

**Defendant**

**Garnishee**

## Sheriff's Entry Of Service

**Personal** ☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**Notorious** ☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows

age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches; domiciled at the residence of defendant.

**Corporation** ☑ Served the defendant _Suntrust Mortgage Inc._ a corporation by leaving a copy of the within action and summons with _Alisha Smith (RA)_ in charge of the office and place of doing business of said Corporation in this County.

**Tack & Mail** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**Non Est** ☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _21_ day of _Feb_, 20_12_.

A Sarah 725 _____
**Deputy**

Sheriff Docket _____ Page _____

**Gwinnett County, Georgia**

White: Clerk     CANARY: Plaintiff Attorney     PINK: Defendant

SC-2 Rev.6.11

## IN THE SUPERIOR COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

Roxanne Payne

_____

_____

PLAINTIFF

VS.

Sun trust Mortgage, Inc.

_____

_____

DEFENDANT

CIVIL ACTION
NUMBER:_____

12A 01744  7

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is: David P. Rachel
The Rachel Law Firm, PC
3400 Peachtree Road, Ste 1250
Atlanta, GA 30326

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ 7 _____ day of February _____, 20 12 .

Richard T. Alexander, Jr.,
Clerk of Superior Court

By_____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

ROXANNE PAYNE )
)
        Plaintiff, )
)
VS. )  CIVIL ACTION FILE
)  NO.
SUNTRUST MORTGAGE, INC. )
)     12A 01144  7
)
        Defendant. )
_____)

## VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, DAMGES, TEMPORARY RESTRAINING ORDER, PERMANENT INJUNCTION, PUNITIVE DAMAGES AND ATTORNEYS FEES

**COMES NOW,** Roxanne Payne ("Plaintiff") and files this Complaint against Defendant,

SunTrust Mortgage, Inc. showing the Court the following:

1.

Defendant SunTrust Mortgage, Inc. ("SunTrust") is a fully chartered corporation having

its principal office located at 901 Semmes Avenue, Richmond, Virginia 23224.

2.

Defendant SunTrust conducts business in Georgia and may be served by second original

with summons and service of process at the office of its registered agent, Corporation Service

Company, Inc. 40 Technology Parkway South #300, Norcross, Georgia 30092.

3.

Defendant SunTrust is subject to the jurisdiction and venue of this court.

1

4.

Defendant is attempting to foreclose on the property known as 171 Auburn Avenue, NE Unit 309, Atlanta, Georgia 30303, Fulton County, (hereinafter referred to as "the property").

5.

On or about August 2008, Plaintiff purchased property through a Warranty Deed recorded in deed recorded in Fulton County Real Estate Records.

.6.

Plaintiff has owned the property for approximately 4 years.

7.

On or about February of 2011, Plaintiff requested a modification, as she knew that she would need a lower payment in order to continue to pay her mortgage on time.

8.

On or about March 2011, Plaintiff began a talking to the Defendant about doing a modification on the loan.

9.

The Defendant's representatives told the Plaintiff that she was not eligible for the modification as she was current on her mortgage and that she would need to stop making payments to get the modification.

10.

Plaintiff continued to make her payments even after she was told by the Defendant's representative to stop making the payments.

2

11.

In April of 2011, since Plaintiff was not getting any assistance with the loan modification, she reluctantly stopped making the payments as the Defendant's representatives instructed her.

12.

In the course of Plaintiff's loan modification process Plaintiff dealt with representatives and agents from the Defendant. These business dealings occurred via telephone conversations and in the form of correspondence received by the Plaintiff from the Defendant.

13.

During the loan modification process and thereafter, Plaintiff engaged in numerous telephone conversations with Defendant's representatives.

14.

In those telephone conversations, Defendant's representatives assured Plaintiff that they were in agreement with making a loan modification.

15.

Defendant advised the Plaintiff that the loan modification could take several months and that Defendant had received their application for a for the loan modification and was processing the application.

16.

The Defendant agreed that the Plaintiff had the loan modification and would be forwarding the payment schedule to the Plaintiff.

3

17. .

Defendant's representative advised Plaintiff that once the payment schedule was received, the Plaintiff would need to immediately begin making the payments.

18.

Defendant's representatives told Plaintiff and Plaintiff's representative that they would not foreclose on the property during the time the loan modification was pending and again instructed the Plaintiff not to make mortgage payments.

19.

In reliance upon the advice of Defendant and the representation of Defendant, Plaintiff refrained from making mortgage payments.

20.

In numerous subsequent telephone conversations, Defendant's representatives repeatedly assured Plaintiff that her foreclosure would be ceased until such time the loan modification paperwork was sent to the Plaintiff.

21.

Plaintiff continued to remain in contact with Defendant and waited on the payment schedule.

22.

Based on the statements and assurances of Defendant's representatives Plaintiff continued to maintain and upgrade her home.

23.

Defendant knew that the statements and representations that its agents made to Plaintiff

4

and Plaintiff's representative were false at the time they made them and that Defendant had no intention of honoring the loan modification that its agents had made with Plaintiff.

24.

Defendant made promises and representations to Plaintiff, which induced Plaintiff to act and respond in the ways set forth herein.

25.

Plaintiff reasonably and justifiably relied upon the statements and representations made to them by Defendant's agents and representatives.

26.

Plaintiff has been irreparably injured by the conduct of the Defendant.

## COUNT I
## PROMISSORY ESTOPPEL

27.

Plaintiff reasserts the allegations contained in Paragraphs 1 through 26 as though each was fully set forth herein.

28.

Defendant is bound by the doctrine of promissory estoppel to comply with the promises and commitments it made to Plaintiff.

29.

Plaintiff must be restored to his previous position, and the Defendant must be compelled to comply with the terms of the agreements they made.

5

30.

As the direct and proximate result of the Defendant's conduct, and under the principles of promissory estoppel, Plaintiff has been damaged in an amount to be determined by the jury.

## COUNT II
## BREACH OF CONTRACT

31.

Plaintiff reasserts the allegations contained in Paragraphs 1 through 30 as though each was fully set forth herein.

32.

The Defendant has breached the contract they entered into with Plaintiff to modify the loan.

33.

As the direct and proximate result of Defendant's breach of their contract with the Plaintiff, Plaintiff has been damaged in an amount to be determined by the jury.

## COUNT III
## BREACH OF ORAL CONTRACT

34.

Plaintiffs reassert the allegations contained in Paragraphs 1 through 33 as though each was fully set forth herein.

35.

Defendant breached the oral contract they entered into with Plaintiff on behalf of Plaintiff to modify the loan.

36.

As the direct and proximate result of Defendant's breach of their oral contract, Plaintiff

6

has been damaged in an amount to be determined by the jury.

## COUNT IV
## FRAUD

### 37.

Plaintiff reasserts the allegations contained in Paragraphs 1 through 36 as though each was fully set forth herein.

### 38.

Defendant authorized and sanctioned the statements and agreements that their representatives made to and with Plaintiff.

### 39.

Defendant knew at the time that it caused its representatives to make the statements and agreements to and with Plaintiff reflected herein that those statements and agreements were false and that they did not intend to honor or adhere to them.

### 40.

As the direct and proximate result of the Defendant's conduct, Plaintiff has been damaged in an amount to be determined by the jury.

## COUNT V
## WRONGFUL FORECLOSURE

### 41

Plaintiff reasserts the allegations contained in Paragraphs 1 through 40 as though each was fully set forth herein.

42.

Defendant has wrongfully foreclosed upon the Property of Plaintiff by committing the
following acts:

        a)     Indebtedness was not justly due as Defendant agreed to a loan
             modification; and

        b)     The sale was not properly advertised by Defendant; and

        c)     The Defendant did not have the power to foreclose on the property as
             there is no assignment of record into the Defendant; and

        d)     If the Defendant is allowed to bid in on the courthouse steps the bid would
             chilled as Defendant had led Plaintiff to believe that they had agreed to a
             loan modification. As a result, the bidding on the property would be
             considered chilled.

43.

As a direct and proximate result of the acts of Defendant and its agents Plaintiff asks that
the Defendant's foreclose on the property be rescinded and the Plaintiff be restored to his
previous position. In the alternative Plaintiff seeks damages in an amount to be determined by the
jury.

## COUNT VI
## PUNITIVE DAMAGES

44.

Plaintiff reasserts the allegations contained in Paragraphs 1 through 43 as though each
was fully set forth herein.

45.

The conduct of Defendant in making willful and fraudulent misrepresentations and concealments shows a willful misconduct, malice, fraud, wantonness, and oppression with a specific intent to cause harm to Plaintiff. Plaintiff therefore prays for exemplary and punitive damages in an amount to be determined by the jury, to deter the Defendant from such wrongful and fraudulent conduct in the future.

## COUNT VII
## ATTORNEY FEES AND EXPENSES OF LITIGATION

46.

Plaintiff reasserts the allegations contained in Paragraphs 1 through 45 as though each was fully set forth herein.

47.

The conduct of the Defendant, as set forth herein, entitles Plaintiff to an award of his attorney fees and expenses of litigation.

## COUNT VIII
## TEMPORARY RESTRAINING ORDER AND PERMANENT INJUNCTION

48.

Plaintiff reasserts the allegations contained in Paragraphs 1 through 49 as though each was fully set forth herein.

49.

Plaintiff shows that the aforementioned foreclosure was illegal and unlawful in light of the allegations set forth in this complaint.

9

WHEREFORE, Plaintiff prays:

1.   That process issue and be served upon the Defendant along with a copy of this complaint; and

2.   That this matter be tried before a jury; and

3.   That pursuant to Count I, the Defendant be liable and Plaintiff be restored to his previous position; and

4.   That pursuant to Count II, Plaintiff be awarded damages in the amount that the jury determines to be just and proper; and

5.   That pursuant to Count III, Plaintiff be awarded damages in the amount that the jury determines to be just and proper; and

6.   That pursuant to Count IV, Plaintiff be awarded damages in the amount that the jury determines to be just and proper; and

7.   That pursuant to Count V, Plaintiff be awarded damages in the amount that the jury determines to be just and proper; and

8.   That pursuant to Count VI, Plaintiff be awarded damages in the amount that the jury determines to be just and proper; and

9.   That pursuant to Count VII, Plaintiff be awarded his attorney fees and expenses of litigation as may be proved at trial; and

10.   That Plaintiff has such other and further relief as the Court determines to be just and proper.

10

This _6th_ day of _February_, 2012.

_____
David P. Rachel
Georgia Bar No. 591601
Attorney for Plaintiff

**THE RACHEL LAW FIRM, P.C.**
3400 Peachtree Road, N.E.
Suite 1250
Atlanta, Georgia 30326
(p) (770) 805-0087
(f) (770) 805-0089

11

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

ROXANNE PAYNE                          )
                                       )
            Plaintiff,                 )
                                       )        CIVIL ACTION FILE
VS.                                    )        NO.
                                       )
SUNTRUST MORTGAGE, INC.                )        12A 01144 7
                                       )
                                       )
            Defendant                  )
_____)

VERIFICATION

Personally appeared before me, the undersigned officer, authorized to administer oaths,

ROXANNE PAYNE, who being first duly sworn, states that the facts contained in her Complaint

in the above-styled matter are true and correct.

This 6th day of February , 2012.

ROXANNE PAYNE

Sworn to and subscribed
before me this 6th
day of Febua, 2012.

Notary Public
State of Georgia
My commission expires:
(Seal)

12