IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROXANNE PAYNE,

    Plaintiff,

v.

SUNTRUST MORTGAGE, INC.

    Defendant.

CIVIL ACTION NO.

1:12-cv-794-JEC

## ORDER

This case is presently before the Court on a *sua sponte* review of subject matter jurisdiction. The Complaint and the Notice of Removal raise substantial questions about the Court's jurisdiction. Based on its review of both documents, the Court concludes that jurisdiction is lacking and **REMANDS** this case to the Gwinnett County Superior Court.

## BACKGROUND

The case arises out of plaintiff's allegations of wrongful foreclosure on her home located at 171 Auburn Avenue, NE Unit 309, Atlanta, 30303 (the "property"). (Compl., attached to Notice of Removal [1] at Ex. A.) Plaintiff purchased the property in August, 2008, presumably with a mortgage loan provided by defendant. (*Id*. at ¶ 5.) In early 2011, plaintiff requested a loan modification. (*Id*.

at ¶¶ 7-8.)  Defendant informed plaintiff that she was not eligible for a modification because her mortgage was current.  (*Id*. at ¶ 9.)

In April, 2011, based on defendant's advice and assurances that a loan modification would be forthcoming, plaintiff stopped making her mortgage payments.  (*Id*. at ¶¶ 11-14.)  In subsequent conversations, defendant informed plaintiff that it had received and was processing her application for a modification. (Compl. [1] at ¶¶ 15-16.)  Defendant told plaintiff that it would not foreclose on the property while the modification was pending.  (*Id*. at ¶ 18.)  In reliance upon defendant's representations, plaintiff did not make any additional mortgage payments.  (*Id*. at ¶ 19.)

Defendant subsequently initiated foreclosure proceedings. (*Id*. at ¶¶ 4, 42.)  Plaintiff responded by filing this action in the Gwinnett County Superior Court, asserting claims based on state law theories of promissory estoppel, fraud, breach of contract and wrongful foreclosure. (Compl. [1] at ¶¶ 27-43.)  Defendant removed the case to this Court on the purported basis of diversity jurisdiction. (Notice of Removal [1].)

## **DISCUSSION**

Plaintiff has not filed a motion to remand, or otherwise challenged the existence of federal jurisdiction in this case. Nevertheless, the Court has a *sua sponte* obligation to ensure that there is an adequate basis for asserting jurisdiction, and that

2

removal is proper. *Miccosukee Tribe of Indians of Florida v. Kraus-Anderson Constr. Co.,* 607 F.3d 1268, 1273 (11th Cir. 2010)(dismissing a case for lack of subject matter jurisdiction, although the parties agreed that jurisdiction existed).

Pursuant to 28 U.S.C. § 1441, an action may be removed from state court if "the district courts of the United States have original jurisdiction" over the action. 28 U.S.C. § 1441(a). Original jurisdiction can arise from a federal question or diversity of citizenship. 28 U.S.C. §§ 1331 and 1332(a). Defendant here relies on diversity jurisdiction under § 1332(a). (Notice of Removal [1].)

Section 1332(a) provides for diversity jurisdiction in cases where (1) the amount in controversy exceeds $75,000 exclusive of interest and costs and (2) the parties are citizens of different states. 28 U.S.C. § 1332(a)(1). To determine whether those requirements are met, the Court considers the Complaint and the Notice of Removal. *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213 (11th Cir. 2007). In this case, neither document "unambiguously establish[es] federal jurisdiction." *Id.* In particular, the Court cannot discern from the Complaint and the Notice whether the amount in controversy satisfies the $75,000 requirement of § 1332(a).

In her Complaint, plaintiff seeks injunctive relief to prevent defendant from foreclosing on her home and an unspecified amount of

3

damages arising from its attempted foreclosure. (Compl. [1] at 9-10.) She also requests specific enforcement of the loan modification allegedly promised by defendant. (*Id.* at ¶ 29.)

There is no indication in the Complaint that any of the above types of relief exceed $75,000 in value. When a complaint is silent about the value of the relief plaintiff seeks, the removing defendant "has the burden of proving the jurisdictional amount by a preponderance of the evidence." *Lowery v. Honeywell Int'l Inc.,* 460 F. Supp. 2d 1288, 1296 (N.D. Ala. 2006). Defendant in this case has not met that burden.

As an initial matter, there is no basis for assuming that plaintiff's claimed monetary damages exceed $75,000. Indeed, plaintiff's actual damages could well be much less than $75,000. The anticipated foreclosure that is the subject of one count of the Complaint has not yet occurred, and plaintiff apparently is still residing in the property. Plaintiff is also asking for punitive damages and attorney's fees, but the basis for an award of either type of relief is unclear. *See Lindsey v. Clinch Cnty. Glass, Inc.,* 312 Ga. App. 534, 535 (2011)(discussing the requirements for awarding punitive damages under Georgia law).

Acknowledging that the Complaint does not make a specific monetary demand, defendant cites the amount the plaintiff currently owes on the Note ($134,352.82) and the most recent valuation of the

property ($100,000.00).  (Notice of Removal [1] at 4-5.)  Based on those figures, and the fact that plaintiff is seeking a loan modification and an injunction to prevent foreclosure on the property, defendant asks the Court to assume the amount in controversy exceeds $75,000.  (*Id.*)

As Judge Totenberg recently pointed out in a similar case, there is no good reason for the Court to make that assumption.  *See Webb v. Bank of Am. Corp.,* Civil Action No. 11-CV-1685 (N.D. Ga. Nov. 7, 2011).  Plaintiff is seeking to enforce a loan modification that she claims was promised by defendant, but she has not asked that the entire loan obligation be cancelled.  (Compl. [1].)  There is no evidence as to the value of the requested modification, and no reason to believe it exceeds $75,000.

Moreover, even if plaintiff obtains the injunctive relief that she requests to prevent foreclosure, her title to the property will still be heavily encumbered by a mortgage.  Assuming it can be quantified at all, the dollar value of the injunctive relief that plaintiff will receive under that scenario bears little or no relation to the amount that plaintiff owes on the Note ($134,352.82).  Nor is it necessarily related to the current unencumbered value of the property ($100,000.00).

In short, the Complaint and the Notice of Removal do not provide an adequate basis for finding that the amount in controversy in this

5

case exceeds $75,000. The Court cannot speculate about the amount in controversy. *Lowery,* 483 F.3d at 1220-21. Accordingly, federal jurisdiction under § 1332(a) is improper, and the case must be remanded.

## **CONCLUSION**

For the foregoing reasons, the Court **REMANDS** this case to the Gwinnett County Superior Court. The clerk is directed to **CLOSE** the case.

SO ORDERED, this 14th day of March, 2012.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)